```
              UNITED STATES DISTRICT COURT
               MIDDLE DISTRICT OF FLORIDA
                   FORT MYERS DIVISION
```

IRENE EDILLA,

         Plaintiff,

vs.  Case No.  2:05-cv-363-FtM-99DNF

J.C. PENNEY CO., INC., a corporation,

         Defendant.

_____

**ORDER**

     This matter comes before the Court on a *sua sponte* review for jurisdiction.  Federal courts are courts of limited jurisdiction, and the court is required to inquire into its jurisdiction at the earliest possible point in the proceeding.  Kirkland v. Midland Mortg. Co., 243 F.3d 1277, 1279-80 (11th Cir. 2001).

     On August 4, 2005, defendant filed a Notice of Removal (doc. #1) and Amended Notice of Removal (Doc. #2) removing the case on the basis of diversity.  The Complaint (Doc. #3) was originally filed with the Twentieth Judicial Circuit Court, in and for Lee County, Florida, and removed by defendant on the basis of diversity.  Plaintiff alleges that, on or about July 10, 2004, she was on the second floor of defendant's store sitting on a bench in the athletic shoe department and moved towards the edge to allow another unnamed individual to sit down when the bench suddenly and without warning tipped causing plaintiff to fall on the floor and suffer injuries.  (Doc. #3, ¶ 5).  Plaintiff alleges that the

negligent condition of the bench legs was known or such that defendant should have known that it could cause harm. Plaintiff alleges that defendant failed to inspect, discover, or correct the dangerous condition thereby causing plaintiff harm. (Id. at ¶¶ 6-8). Plaintiff seeks unspecified compensatory damages.

Jurisdiction may be established where the amount in controversy exceeds $75,000 exclusive of interests and costs and is between citizens of different States.  28 U.S.C. § 1332(a)(1). Plaintiff alleges that damages exceed the state circuit court jurisdictional minimum of $15,000, the amount otherwise being nonspecific.  In this circumstance, the removing defendant must prove by a preponderance of the evidence that the amount in controversy more likely than not exceeds the $75,000 jurisdictional requirement. Leonard v. Enterprise Rent A Car, 279 F.3d 967, 972 (11th Cir. 2002); Williams v. Best Buy Co., Inc., 269 F.3d 1316, 1319 (11th Cir. 2001), aff'd after remand, 31 Fed. Appx. 938 (11th Cir. 2002)(Table); Kirkland v. Midland Mortg. Co., 243 F.3d 1277, 1281 n. 5 (11th Cir. 2001); Tapscott v. MS Dealer Svc. Corp., 77 F.3d 1353, 1357 (11th Cir. 1996), overruled on other grounds, Cohen v. Office Depot, Inc., 204 F.3d 1069, 1072 (11th Cir. 2000), cert. denied, 531 U.S. 957 (2000). Thus, the issue is whether defendant has shown that it is more likely than not that the amount in controversy exceeded $75,000, exclusive of interest and costs. Defendant states "it appears from the allegations contained in the Plaintiff's Complaint, the value of the matter in controversy in

this case may exceed $75,000.00, exclusive of interest and costs." (Doc .#2, ¶ 6). Defendant did not file a supporting memorandum of law or otherwise provide why the alleged damages would exceed $75,000.00. Plaintiff did not move to remand or dispute the jurisdictional amount, but defendant bears the burden to show that it is more likely than not that the jurisdictional amount can be met.

Accordingly, it is now

**ORDERED**:

Defendant shall show cause within **ELEVEN (11) DAYS** of this Order why the Court has jurisdiction.

**DONE AND ORDERED** at Fort Myers, Florida, this   19th   day of June, 2006.

JOHN E. STEELE
United States District Judge

Copies:
Counsel of record